UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| DONALD P. MILIONE, D.C., | ) | CASE NO.  1:20-cv-00903-LGS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **STIPULATED HIPAA-QUALIFIED** |
| AETNA LIFE INSURANCE COMPANY., | ) | **PROTECTIVE ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Donald P. Milione, D.C. and the Defendant Aetna Life Insurance Company,

subject to the approval of this Court, hereby stipulate to the following HIPAA-Qualified Protective

Order ("QPO"), which is intended to comply with the federal Health Insurance Portability and

Accountability Act of 1996 ("HIPAA"), the Health  Information Technology for Economic and

Clinical Health Act of 2009 (the "HITECH Act"), and regulations adopted thereunder by the U.S.

Department of Health and Human Services,  45 C.F.R. Parts 160, 162, and 164 (the "HIPAA

Rules"), 42 C.F.R. Part 2 and applicable state laws and regulations governing patient privacy and

protecting healthcare information..

1.     In accordance with and as defined by the HIPAA Rules, specifically 45 C.F.R. §

164.512(e)(l)(ii)(B) and (v), 42 C.F.R. Part 2 and related state laws, the Court hereby enters a

HIPAA-Qualified Protective Order. Pursuant to this QPO, all parties to this Litigation are:

   a.   prohibited from using or disclosing protected health information ("PHI") as
        defined by the HIPAA Rules, specifically 45 C.F.R. § 164.500 et seq., 42
        C.F.R. Part 2 or applicable state laws and regulations governing patient
        privacy and protecting healthcare information, for any purpose other than
        the prosecution and defense of the above-styled Litigation;

   b.   required to securely destroy all copies of PHI or to return them to the
        disclosing entity within 60 days of the conclusion of the above-styled
        Litigation pursuant to paragraph 11 of this QPO; and

      c.    permitted to submit pleadings, discovery, or other documents which include or reference PHI, subject to the terms of this QPO and the separate Agreed Protective Order Regarding Confidentiality.

2.      "Litigation" is understood to include the above-styled Litigation, arbitration, mediation, settlement discussions, hearings, final hearing, and preparation for the same (collectively "Litigation").

3.      For the purpose of this QPO, PHI shall have the same scope and definition as set forth in 45 C.F.R. § 160.103. Without limiting the generality of the foregoing, PHI refers to individually identifiable health information, including without limit demographic information, collected from an individual, that: (1) is created or received by a health care provider, health plan, employer, or health care clearinghouse; and (2) relates to the past, present or future physical or mental health or condition of an individual, or the past, present or future payment for the provision of health care to an individual, and (i) that identifies the individual, or (ii) with respect to which there is a reasonable basis to believe the information can be used to identify the individual.

4.      This QPO is not an authorization to obtain records. All parties must fully comply with all applicable discovery rules, statutes, and precedent. Upon such compliance, all "covered entities" (as defined by 45 C.F.R. § 160.103) are hereby authorized to disclose PHI to the attorneys for the parties now of record in this Litigation or who may become of record in the future in this Litigation.

5.      Based upon this QPO and commencing immediately from the date of this QPO, all persons, including but not limited to physicians and other medical providers,

      a.    Shall comply with any and all subpoenas for records with or without deposition pursuant to applicable law and rules of procedure to which no objection has been timely filed, as well as other subpoenas served upon them at any future time in the course of this Litigation; and

      b.    Are authorized and ordered to use or disclose PHI in response to said

2

subpoenas, if such use or disclosure is necessary to comply with such subpoenas.

**<u>Authorization and Order to disclose PHI in the Course
Of Discovery and Litigation Proceedings</u>**

6.      Additionally, pursuant to 45 C.F.R. section 164.512(e)(1)(i) and for purposes of compliance with the HIPAA Rules, 42 C.F.R. Part 2 and related state laws, and without waiver of any right to the prepayment of costs or any other appropriate objection or privilege that may be timely asserted, the attorneys, employees, agents, or designees of each party or each party's legal counsel in the Litigation, and all duly noticed persons, are expressly and specifically **AUTHORIZED** and **ORDERED** to:

    a.  respond to valid discovery requests served pursuant to the applicable Rules of Procedure in the Litigation;

    b.  respond to valid and timely Requests for Copies or Requests for Production from Non-Parties served pursuant to the applicable Rules of Procedure in the Litigation for production of documents and things without deposition concerning PHI;

    c.  respond to each of a party's own experts who request, either orally or in writing, PHI necessary for the purposes of reviewing the Litigation in whole or in part, regardless of whether the expert is a consulting or testifying expert, by disclosing and providing such requested PHI; and

    d.  disclose to the Court PHI as may be necessary for the conduct of the Litigation consistent with the terms of this QPO.

7.      The parties and their attorneys shall be permitted to use and disclose PHI solely for the matters reasonably connected with this Litigation.  Permitted disclosures may be made in this Litigation to:

    (a) Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

    (b) Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

(c) Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

(d) the Court and court personnel;

(e) Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consent to such disclosure;

(f) Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearing including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

(g) The parties. In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit and employees who are witnesses or potential witnesses in the matter.

8.      PHI shall not be contained, referenced within, or annexed to a pleading, motion, exhibit, or other paper submitted to the Court, unless the paper bears an appropriate legend.

9.      In compliance with HIPAA, 42 C.F.R. Part 2 and related state laws, the authorizations and orders set forth in paragraph 6, 7, and 8 of this QPO expressly include PHI concerning psychological and mental health records, disability status and records, substance abuse and treatment history, and HIV status, as well as records concerning other sexually transmitted diseases if so requested.

10.      Pursuant to 45 C.F.R. section 164.512(e)(1)(i) and for purposes of compliance with the HIPAA Rules, 42 C.F.R. Part 2 and related state laws, without waiver of any right to the prepayment of costs or any other appropriate objection or privilege that may be timely asserted, any person or entity authorized or ordered above to use or disclose PHI is expressly and specifically

**AUTHORIZED** and **ORDERED** to do so with, to, or before any court reporter service, videographer service, translation service, photocopy service, document management service, records management service, graphics service, or other such Litigation service, designated by a party or a party's legal counsel in this case. The protections and requirements of this QPO apply to such service providers. Each party or the party's legal counsel is charged with obtaining advance consent of such service to comply with this paragraph. Upon such consent, the service provider will be deemed to have voluntarily submitted to Court's jurisdiction during the pendency of the above-styled Litigation for purposes of enforcement of this paragraph, including but not limited to the imposition of such sanctions as may be appropriate for any non-compliance.

11.     All uses and disclosures of PHI shall comply, to the extent practicable, with the minimum necessary standards set forth in 45 C.F.R. § 164.502.

12.     Any recipient of PHI shall implement reasonable administrative, technical, and physical security safeguards for such PHI.

## Protection of Confidential Information

13.     Certain documents and information have been and may be sought, produced or exhibited by and between the parties, and persons who are not parties to this lawsuit, which relate to the parties' financial information, medical information, competitive information, personnel information, and/or other kinds of commercially sensitive information which the party making the production deems confidential.

14.     All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning

confidential information as set forth below.  As there is a presumption in favor of open and public judicial proceedings in the Federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible.  The Order is also subject to the Local Rules of this Court and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

15.     A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL" or "CONFIDENTIAL HEALTH INFORMATION" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of such designation.  Documents shall be designated "CONFIDENTIAL" prior to or at the time of the production or disclosure of the documents.  The designation "CONFIDENTIAL" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Documents designated as "CONFIDENTIAL" are referred to collectively herein as "Confidential Material."

16.     The term Confidential Health Information shall constitute a subset of Confidential Information, and shall be designated as "CONFIDENTIAL" and subject to all other terms and conditions governing the treatment of Confidential Material. Confidential Health Information shall mean information supplied in any form, or any portion thereof, that identifies an individual or subscriber in any manner and relates to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of such individual or subscriber, the provision of health care to such individual or subscriber, or the past, present, or future payment for the provision of health care to such individual or subscriber. Confidential Health Information shall include, but is not limited to, claim data, claim forms, grievances, appeals, or other documents or

records that contain any patient health information required to be kept confidential under any state or federal law, including 45 C.F.R. Parts 160 and 164 promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 (*see* 45 C.F.R. §§ 164.501 & 160.103), and the following subscriber, patient, or member identifiers:

    a.   names;
    b.   all geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code;
    c.   all elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, age, and date of death;
    d.   telephone numbers;
    e.   fax numbers;
    f.   electronic mail addresses;
    g.   social security numbers;
    h.   medical record numbers;
    i.   health plan beneficiary numbers;
    j.   account numbers;
    k.   certificate/license numbers;
    l.   vehicle identifiers and serial numbers, including license plate numbers;
    m.   device identifiers and serial numbers;
    n.   web universal resource locators ("URLs");
    o.   internet protocol ("IP") address numbers;
    p.   biometric identifiers, including finger and voice prints;
    q.   full face photographic images and any comparable images; and/or
    r.   any other unique identifying number, characteristic, or code.

17.    Any party may designate documents as CONFIDENTIAL upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, trade secrets, personnel records, confidential financial information, competitive information, or such other sensitive commercial information that is not publicly available.  Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL.

18.    Any party to this litigation and any third-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the

disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any third party who is covered by this Order who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend in a manner that will not interfere with the legibility of the document and that will permit complete removal of such designation: "ATTORNEYS' EYES ONLY". Documents shall be designated "ATTORNEYS' EYES ONLY" prior to or at the time of the production or disclosure of the documents.  The designation "ATTORNEYS' EYES ONLY" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Documents designated as "ATTORNEYS'S EYES ONLY" are referred to collectively herein as "Attorneys' Eyes Only Material."

19.    Attorneys' Eyes Only Material and the contents of Attorneys' Eyes Only material may be disclosed only to the following individuals under the following conditions:

(a) Outside counsel (herein defined as any attorney at the parties' outside law firms);

(b) Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

(c) Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

(d) the Court and court personnel;

(e) Any deponent may be shown or examined on any information, document or thing designated Attorneys' Eyes Only if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consent to such disclosure;

(f) Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearing including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials.

20.     Deposition testimony shall be deemed CONFIDENTIAL or ATTORNEYS' EYES ONLY only if designated as such.  Such designations shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL or ATTORNEYS EYES ONLY. Thereafter, the deposition transcripts, and those portions so designated, shall be protected as CONFIDENTIAL or ATTORNEYS' EYES ONLY pending objection, under the terms of this Order.  With respect to any depositions that involve a disclosure of Confidential Material or Attorneys' Eyes Only Material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential or Attorneys' Eyes Only, which period may be extended by agreement of the parties. During this period, no such deposition transcript shall be disclosed, and no individual attending such a deposition shall disclose the contents of the deposition, to any individual other than the individuals described in paragraphs 7 (for Confidential Material) and paragraph 19 (as to Attorneys' Eyes Only Material. Upon being informed that certain portions of a deposition are to be designated Confidential Health Information, Confidential, or Attorneys' Eyes Only, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with paragraphs 7, 19, and 22.

21.     Documents designated as Confidential Material or Attorneys' Only Material under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in paragraph 7 (as to Confidential Material) or 19 (as to Attorneys' Eyes Only

9

Material) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

22.     The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL or ATTORNEYS' EYES ONLY documents to any third person or entity except the persons identified in paragraph 7 (as to Confidential Material) or 19 (as to Attorneys' Eyes Only Material) of this QPO.  It is understood that counsel for a party may give his or her client advice and opinions solely relating to the above-captioned action based on his or her evaluation of Attorneys' Eyes Only Material, provided that such advice and opinions shall not reveal the content of such Attorneys' Eyes Only Material except by prior written agreement of counsel for the parties or by order of the Court.

23.     Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of Confidential Material or Attorneys' Eyes Only Material pursuant to the terms of this Order.  Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one (1) year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

24.     Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as Confidential Material under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" if the word does not already appear on the copy.  All such copies shall thereafter be entitled to the protection of this Order.  The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the

10

confidential information contained in those documents.

25.      Inadvertent production of any document or information without a designation of "CONFIDENTIAL," "CONFIDENTIAL HEALTH INFORMATION," or "ATTORNEYS' EYES ONLY" shall be governed by Fed. R. Evid. 502.

26.      Any CONFIDENTIAL or ATTORNEYS' EYES ONLY designation is subject to challenge by any party or non-party with standing to object (hereafter "party").  Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement.  If agreement is reached confirming or waiving the challenged designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

### Additional Terms Governing PHI and Confidential Material

1.      This QPO is effective upon execution and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

2.      A copy of this QPO shall be as valid as an original.

3.      The persons identified in paragraph 7 (b) and 19 (b) who receive information with PHI subject to this QPO shall sign the Acknowledgment attached hereto as **Exhibit A**.

4.      Unless a motion for enforcement of the QPO has been filed in this case and remains pending at the time, the QPO shall expire upon the conclusion of the Litigation as defined in paragraph 2.  Within 60 days of the conclusion of this Litigation, whether by award, settlement, or otherwise, counsel of record and each party, person and entity who obtained PHI and/or Confidential Material or Attorneys' Eyes Only Material shall either (a) assemble and return to the producing party all materials that reveal or tend to reveal PHI and/or Confidential Material or

Attorneys' Eyes Only Material or (b) destroy such documents and information. All documents prepared by counsel or experts and consultants designated herein, containing summaries, abstracts or quotations from documents that contain and/or Confidential Material or Attorneys' Eyes Only Material and are subject to this QPO shall be destroyed within this same time period.  No originals or copies of any such and/or Confidential Material or Attorneys' Eyes Only Material will be retained by any person or entity to which disclosure was made. Notwithstanding the foregoing, upon conclusion of this Litigation, the parties' counsel may retain one electronic or hard copy of all documents exchanged in this Litigation, including all documents filed in this Litigation, all depositions taken in this Litigation, all exhibits to the deposition and all exhibits introduced into evidence, and may retain all documents, things, copies and samples to the extent they include or reflect the receiving party's counsel's work product. With respect to any such retained materials, this QPO shall survive the final termination of the Litigation to the extent that the information in such material is not or does not become known to the public by means other than disclosure by the receiving party's counsel or any other person authorized to receive such material pursuant to this QPO.

5.      Neither the conclusion of this Litigation nor the termination of employment of any person who had access to any information exchanged in this Litigation shall relieve any person from the obligation of maintaining both the confidentiality and the restrictions on use of anything disclosed pursuant to this QPO.

6.      The Parties and any non-parties receiving discovery requests pursuant to this QPO may seek additional protection from the disclosure and use of any documents and information for which they believe this QPO does not provide adequate protection or with respect to documents and information which they believe are not subject to disclosure pursuant to applicable statutes,

rules, regulations, or other applicable law.

7.        This QPO does not authorize the filing of any document, PHI, Confidential Material or Attorneys' Eyes Only Material under seal. In the event a party wishes to file any such PHI, Confidential Material or Attorneys' Eyes Only Material with the Court for any purpose, prior to seeking permission to file any document, PHI, Confidential Material, or Attorneys' Eyes Only Material information under seal, the parties, through counsel, will discuss the confidential information and documents they intend to file in order to determine if a compromise can be reached in whole or in part to allow for filing not under seal. Unless resolved as set forth above, the party intending to file any confidential information or protected document under seal must first file a motion in order for the Court to determine whether such pleading, deposition, or confidential portion thereof may be filed under seal. See *Shane Group, Inc. v. Blue Cross Blue Shield*, 825 F.3d 299 (6th Cir.2016) for guidance.  If the Court grants the party's motion, and unless the Court directs otherwise, the party must file the sealed documents electronically using the ECF system.

**IT IS SO ORDERED** this ___7___ day of ___July_____, 2020.

The parties shall comply with Individual Rule I.D. should they seek to file a document under seal.

The parties are advised that the Court retains discretion as to whether to afford confidential treatment to redacted information in Orders and Opinions.

New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

5491690-1

The terms of the foregoing HIPAA-Qualified Protective Order are hereby acknowledged and agreed to by the Parties to this lawsuit by and through their undersigned counsel of record.

DONALD P. MILIONE, D.C.                    AETNA LIFE INSURANCE COMPANY


By: ____*s/ Eugene Killian, Jr.*_____       By: ____*s/ Patricia A. Lee*_____
    Eugene Killian, Jr.                                  Patricia A. Lee
    **THE KILLIAN FIRM, P.C.**                      **CONNELL FOLEY LLP**
    555 Route 1 South, Suite 430                   888 Seventh Avenue, 9th Floor
    Iselin, NJ 08830                                      New York, NY 10106
    (732) 912-2100                                       (973) 840-2444
    ekillian@tkfpc.com                                plee@connellfoley.com

    *Attorney for Plaintiff*                              Robert J. Fogarty (*pro hac vice*)
                                         Erica L. Calderas (*pro hac vice*)
                                         Hahn Loeser & Parks LLP
                                       200 Public Square, Suite 2800
                                       Cleveland, OH 44114
                                       (216) 274-2533
                                       rjf@hahnlaw.com
                                       elc@hahnlaw.com

                                       *Attorneys for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| DONALD P. MILIONE, D.C., | ) | CASE NO.  1:20-cv-00903-LGS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AETNA LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **EXHIBIT A TO STIPULATED PROTECTIVE ORDER AFFIDAVIT**

This is to certify that the undersigned has read and is fully familiar with the provisions of the Qualified Protective Order ("Order") entered on _____ in the above-captioned lawsuit. As a condition precedent to my receipt and examination of Protected Health Information or Confidential Information disclosed pursuant to the Order, or my obtaining any information derived from Protected Health Information or Confidential Information, I hereby agree that the Order shall be deemed to be directed to and shall include me, and that I shall be bound by, observe, and comply with the provisions of the Order. I further agree that I shall be subject to the Court's enforcement and jurisdiction for any violation or attempted violation of the provisions of the Order.

_____
Name (Signature)


_____
Name (Printed)


_____
Relationship to or interest in this
Judge


Dated: _____

5491690-1

USDC, SDNY CASE NO.  1:20-cv-00903

SUBSCRIBED AND SWORN
BEFORE ME THIS _____ DAY OF
_____, 2020.


_____
Notary Public

2